United States District Court
For the Northern District of California

1

2                                                    **E-Filed 3/28/2012**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   TRENT WEST,                          CASE NO. 5:11-cv-02531-EJD

13                    Plaintiff,          ORDER GRANTING MOTION TO DISMISS
                                          WITH LEAVE TO AMEND; TERMINATING
14            v.                          MOTION TO STAY AS MOOT; AND
                                          DENYING MOTION TO TRANSFER
15   QUALITY GOLD, INC.,

16                    Defendant.
                                          [Re: Docket Item No. 11]
17

18

19        In this false patent marking action, Plaintiff Trent West ("West") alleges that Defendant

20   Quality Gold, Inc. ("QGI") falsely has advertised to the public that QGI holds a patent covering

21   tungsten jewelry finger rings.  West asserts a single claim of false marking in violation of 35 U.S.C.

22   § 292.  On August 8, 2011, QGI filed a motion to dismiss the complaint pursuant to Federal Rule of

23   Civil Procedure 12(b)(6).  QGI also raised a constitutional challenge to § 292[1] and asserted

24   alternative motions to stay the litigation pending enactment of patent reform law and to transfer the

25   action to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).  West filed an opposition on

26   August 22, 2011, and QGI filed a reply on August 29, 2011.  The Court held a hearing on March 23,

27   2012.  Having considered the parties' submissions and argument and the relevant law, the Court

28
     _____
     [1] Also on August 8, 2011, QGI filed a notice of constitutional challenge pursuant to Federal Rule of
     Civil Procedure 5.1.  For the reasons discussed below, that challenge is moot.

1   hereby GRANTS the motion to dismiss with leave to amend, TERMINATES the motion to stay as

2   moot, and DENIES the motion to transfer.

3                                    **I. BACKGROUND**

4           West alleges that in the late 1990s he began investigating ways to "utilize the unique esthetic

5   and durability properties of tungsten carbide in jewelry finger rings." Complt. ¶ 7.  He first applied

6   for a patent covering tungsten carbide jewelry finger rings in 1998 and he now owns several patents

7   in this field.  *Id*.  West began selling tungsten carbide jewelry finger rings in 2000, and he claims

8   that by 2002 he was recognized as a pioneer in the "previously unrecognized market for tungsten

9   carbide jewelry finger rings." *Id*. ¶ 8.  West asserts that QGI has distributed finger rings covered by

10  his patents; on July 16, 2010, West filed suit against QGI for patent infringement.  *See Trent West v.*

11  *Quality Gold, Inc.*, Case No. 5:10-cv-03124-EJD.  That case is pending before the undersigned and

12  it has been related to the present case under this Court's Civil Local Rules.

13          On May 24, 2011, West filed the present action, claiming that QGI falsely advertises that its

14  patent application no. 12,141,791 has been "granted" when in fact that application has not been

15  granted.  Complt. ¶¶ 12-13.

16                                **II. MOTION TO DISMISS**

17          **A.  Legal Standard**

18          Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a

19  claim upon which relief may be granted.  "Dismissal can be based on the lack of a cognizable legal

20  theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

21  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  For purposes of evaluating a motion to

22  dismiss, the court "must presume all factual allegations of the complaint to be true and draw all

23  reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*,  828 F.2d

24  556, 561 (9th Cir. 1987).

25          However, mere conclusions couched as factual allegations are not sufficient to state a claim.

26  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d

27  802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim to relief that is

28

*United States District Court*
For the Northern District of California

2

1  plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A claim is plausible

2  on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

3  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937,

4  1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual

5  content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

6  entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

### B. Discussion

        West filed the present action under 35 U.S.C. § 292, which at that time included "a *qui tam*

provision that allowed any private individual to sue manufacturers who labeled their products with

false or expired patent numbers 'for the purpose of deceiving the public.'" *Brooks v. Dunlop*

*Manufacturing Inc.*, No. C-10-04341-CRB, 2011 WL 6140912, at *1 n.1 (N.D. Cal. Dec. 9, 2011).

"If the plaintiff won the lawsuit, he would split the penalty or settlement proceeds with the

Government." *Id.*  "On September 16, 2011, the President signed into law the Leahy–Smith

America Invents Act, H.R. 1249, 112th Cong. (1st Sess. 2011), amending 35 U.S.C. § 292 to

eliminate the *qui tam* provision" relied upon by West.  *FLFMC, LLC v. Wham-O, Inc.*, 444 Fed.

Appx. 447, 448  (Fed. Cir. 2011).  The statute now provides that only the United States may sue for

the statutory penalty of $500 per false marking offense.  *See* 35 U.S.C. § 292(a).  However, the

amendment added a new subsection to § 292, providing that "[a] person who has suffered a

competitive injury as a result of a violation of this section may file a civil action in a district court of

the United States for recovery of damages adequate to compensate for the injury." 35 U.S.C. §

292(b).  The amendments apply retroactively to all cases.  *See Wham-O*, 444 Fed. Appx. at 448.

        In light of the amendment to § 292 eliminating the rights of private individuals to bring *qui*

*tam* actions under § 292, West's *qui tam* claim is subject to dismissal for lack of standing.

However, under the statute as amended, West may pursue a claim under § 292 to the extent that he

can plead and prove a "competitive injury" arising from QGI's alleged false marking.  At the

hearing, West's counsel stated that although he believed that the original complaint does allege facts

sufficient to show a competitive injury, he could amend the complaint to add more facts if given

3

**United States District Court**
For the Northern District of California

leave to do so.  The Court has reviewed the complaint in light of counsel's comments, and it

concludes that more particularity regarding competitive injury is required.  Moreover, because the §

292 claim presently is framed as a *qui tam* action under the prior version of the statute, amendment

will avoid confusion going forward.  Accordingly, the Court GRANTS the motion to dismiss with

leave to amend.

### III. MOTION TO STAY

When QGI filed its motion to dismiss, it made an alternative motion to stay the litigation

pending an expected amendment to § 292.  The amendment since has been enacted.  The Court

therefore TERMINATES the motion to stay as moot.

### IV. MOTION TO TRANSFER

#### A.  Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought or to any

district or division to which all parties have consented."  28 U.S.C. § 1404(a).  A district court "has

discretion to adjudicate motions for transfer according to an individualized, case-by-case

consideration of convenience and fairness."  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498

(9th Cir. 2000) (internal quotation marks and citation omitted).  "[T]he court may consider:  (1) the

location where the relevant agreements were negotiated and executed, (2) the state that is most

familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties'

contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen

forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of

access to sources of proof."  *Id*. at 498-99.  The court also may consider the presence of a forum

selection clause and the relevant public policy of the forum state.  *See id*. at 499.  The court must

bear in mind that §1404(a) provides for transfer to a *more* convenient forum, "not to a forum likely

to prove equally convenient or inconvenient."  *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).

Transfer should not be granted if the effect is simply to shift the inconvenience to the plaintiff.  *See*

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  "The defendant

4

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."

2    *Id.*

3    **B. Discussion**

4    In the event that the Court declines to dismiss the action with prejudice, QGI requests that

5    the action be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).  The

6    present action could have been brought in the Southern District of Ohio because QGI's principal

7    place of business is located there.[2]  *See* Langhammer Decl. ¶ 2.[3]

8    Turning to the other factors to be considered, West's choice of forum must be given

9    significant weight.  This is particularly true given the pendency of a related patent infringement

10   action in this Court, *Trent West v. Quality Gold, Inc.*, Case No. 5:10-cv-03124-EJD.  The Court has

11   devoted substantial resources to the latter case – claim construction has been completed, and

12   dispositive motions are pending.  Continuing to manage the two cases together would further

13   judicial efficiency and conservation of judicial resources.[4]

14   QGI cites authority for the proposition that a plaintiff's choice of forum is entitled to little

15   weight when the plaintiff is a *qui tam* relator.  *See San Francisco Tech. Inc. v. Glad Products Co.*,

16   No. 10-CV-00966 JF (PVT), 2010 WL 2943537, at *7-8 (N.D. Cal. July 26, 2010).  As is noted

17   above, the *qui tam* provision of § 292 has been eliminated; if West goes forward with this action, it

18   ―――――――――――――――――

19   [2] A civil action may be brought in a judicial district in which any defendant resides, if all defendants
     are residents of the state in which the district is located.  *See* 28 U.S.C. § 1391(b).  A corporation is

20   a resident of the state of incorporation and the state where it maintains its principal place of
     business.  *See Adachi v. Carlyle/Galaxy San Pedro L.P.*, 595 F. Supp. 2d 1147, 1150 (S.D. Cal.

21   2009).

22   [3] Mr. Langhammer's declaration actually does not state that QGI's principal place of business is
     located in Ohio; he states that "Quality Gold is an Ohio corporation located at 500 Quality

23   Boulevard, Fairfield, Ohio," and that QGI "distributes its products, sold throughout the United
     States, from Ohio."  Langhammer Decl. ¶ 2.  However, QGI's moving papers represent that its
     principal place of business is in Ohio, citing Mr. Langhammer's declaration in support.  Mot. at 18.

24   Moreover, at the hearing QGI's counsel represented that QGI's principal place of business in fact is
     in Fairfield, Ohio, and that Fairfield is located in the Southern District of Ohio.  For purposes of this

25   motion, the Court will accept QGI's representations.

26   [4] At the hearing, QGI's counsel argued that the patent case and the false marking case are so
     dissimilar that no benefit derives from having the two cases in the same forum.  While the Court

27   agrees that there may not be a great deal of overlap between the cases, the Court's existing
     familiarity with tungsten finger rings, their market, and other issues relevant to the patent action will

28   contribute to the Court's understanding of West's claims of competitive injury.

CASE NO. 5:11-cv-02531-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.

1    will be as an ordinary plaintiff seeking to recover actual damages for "a competitive injury."  *See* 35

2    U.S.C. § 292(b).  Thus West is entitled to the same deference to his choice of forum as would be

3    afforded to any civil plaintiff.

4           Most of the other factors are neutral.  There are no relevant agreements and the two district

5    courts are equally capable of addressing claims brought under federal statute.  West resides in this

6    district, *see* West Decl. ¶ 2, while QGI has its principal place of business in Ohio, *see* Langhammer

7    Decl. ¶ 2.  It is not clear that it would be any less expensive to litigate the action in Ohio; QGI

8    presently pays counsel to travel to California, but if the case were transferred West would have to

9    pay counsel to travel to Ohio.  There is no forum selection clause.  Presumably, both states would

10   have an interest in the litigation – California to protect its resident, West, and Ohio to protect its

11   resident, QGI.

12          At the hearing, QGI's counsel discussed a declaratory relief action that QGI has filed against

13   West in the Southern District of Ohio.  The Court gathers that QGI's action is the mirror of the §

14   292 action pending in this Court.  The parties' joint case management statement indicates that the

15   Ohio action was filed on December 19, 2011, approximately eight months after West filed his § 292

16   action in this Court.  While the "first to file" rule is not strictly applied, "[t]he general rule favors the

17   forum of the first-filed action."  *Micron Tech., Inc. v. Mosaid Tech., Inc.*, 518 F.3d 897, 904 (Fed.

18   Cir. 2008).  Thus  the pendency of QGI's recently filed declaratory relief action in Ohio does not

19   weigh in favor of transfer; if anything it cuts against transfer.  QGI has identified one witness

20   located in Ohio, Jason Langhammer.  Mr. Langhammer's presence in Ohio, and the likelihood that

21   evidence relevant to the false marking claim is located at corporate headquarters in Ohio, do weigh

22   in favor of transfer.  However, the Court concludes that these factors are insufficient to satisfy

23   QGI's burden to make a "strong showing of inconvenience."  Accordingly, the motion to transfer is

24   DENIED.

25   //

26   //

27   //

28   //

6

CASE NO. 5:11-cv-02531-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.

**V. ORDER**

Good cause therefor appearing,

(1)  the motion to dismiss is GRANTED WITH LEAVE TO AMEND; any amended pleading shall be filed on or before April 18, 2012;

(2)  the motion to stay is TERMINATED as moot; and

(3)  the motion to transfer is DENIED.

Dated:  March 28, 2012

EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-cv-02531-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND ETC.